NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SULMA DEVORA ECHEVERRIA DE LEON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2004

Agency No.
A208-820-987

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Sulma Devora Echeverria De Leon, a citizen of Guatemala, seeks review of

the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's

(IJ) denial of her applications for asylum, withholding of removal, and relief under

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and deny her petition.

1.     Petitioner argues that her immigration proceedings should be terminated for lack of jurisdiction because she was served with an invalid Notice to Appear (NTA) that failed to specify the time and date of her removal hearing, as is required by 8 U.S.C. § 1229(a)(1)(G)(i).  That argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

2.     An asylum applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion" was or will be "at least one central reason" for any past or feared persecution in her home country. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).  Similarly, an applicant for withholding of removal must establish that her life or freedom would be threatened in her home country "because of" her "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).

Petitioner did not challenge the BIA's determination that she failed to establish a nexus between any harm and a protected ground, and thus Petitioner has forfeited review of that issue.  *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).  That failure is dispositive of both her asylum and withholding of removal claims.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (asylum and withholding claims are both properly denied where there is "no nexus at all").

Even if we were to reach the merits of those claims, substantial evidence supports the BIA's determination. Petitioner testified that she was repeatedly harassed by a gang because they wanted her to join them, but provided no evidence that those incidences were related to any statutorily protected ground, instead of merely generalized gang recruitment efforts. *Cf. Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Accordingly, the BIA did not err in denying her asylum and withholding claims.

3. To receive relief under CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed," and that such torture would be undertaken "at the instigation of, or with the consent or acquiescence of, a public official." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)). Substantial evidence supports the BIA's determination that Petitioner did not meet this standard. Petitioner presented only country condition reports detailing crime in Guatemala. That sort of "generalized evidence of violence and crime," which is "not particular" to Petitioner, is insufficient to show that government officials would acquiesce to her torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**